## HARRY P. TRUE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

## LONA TRUE HODGDON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 5326, 5327.    Promulgated April 26, 1927.

An inventory on basis of the lower of cost or market is not sufficiently proved by evidence that, in the judgment of certain witnesses in the business based on their experience the valuation represents market value.

*Robert C. Cooley, Esq.*, for the petitioners.
*F. O. Graves, Esq.*, for the respondent.
*Morris L. Ernst, Esq.*, and *John J. Wildberg, Esq.*, as *amici curiæ*.

Deficiencies of $340.92, $1,353.21, and $3,162.23 in the case of Harry P. True, and $285.87, $645.15, and $2,703.16 in the case of Lona True Hodgdon, for the years 1919, 1920, and 1921, respectively, in both cases. The Commissioner restored the cost basis of inventories of a partnership of which petitioners are members.

### FINDINGS OF FACT.

The petitioners during each of the taxable years involved were partners in the firm trading as True Brothers, conducting a retail

jewelry business in Springfield, Mass. In the years 1919 and 1920 each owned a 50 per cent interest in the partnership. In 1921 each owned a 45 per cent interest, and one Granville Stevens was also a partner, owning a 10 per cent interest.

The partnership had about sixteen departments in its business. In taking the inventory each individual item was set down at its actual cost. The partners then determined from their experience in the business, from comparison with similar articles purchased, and from the sales demand, what they considered represented the market value of the articles. The amount so determined was recorded as the inventory value.

The years 1918, 1919, and 1920 were years of rapidly fluctuating costs.

The inventories so determined as of January 31, for each of the following years, and the inventory on the cost basis used by respondent in determining the deficiencies involved are:

| Year. | Petitioner's inventory. | Cost. |
|-------|-------------------------|-------|
| 1918 | $78, 558. 45 | $88, 558. 45 |
| 1919 | 70, 462. 25 | 83, 462. 25 |
| 1920 | 86, 182. 11 | 111, 182. 00 |
| 1921 | 94, 274. 58 | 135, 511. 03 |

The partnership was formed in 1898, and the inventories were taken in the same way each year from that time through the years involved in this proceeding.

OPINION.

STERNHAGEN: The petitioners, being members of a partnership in the retail jewelry business, included in their returns for each of the years in question an inventory purporting to be taken upon the basis of "cost or market whichever is lower." As will be seen from the findings of fact, the alleged value of the inventory was in each year lower than cost by the amounts of $10,000, $13,000, $25,000 (less 11 cents), and $41,236.45. The Commissioner, acting under section 203 of the Revenue Act of 1918 and the Revenue Act of 1921, determined that the alleged market values were not correct, and that the inventories as shown by the return did not most clearly reflect the income, and therefore he determined the inventory by the use of the actual cost figures as agreed by both parties.

Petitioners have undertaken to prove that the figures used by them correctly represent market value. To do this they introduced the testimony of three witnesses. Two of these witnesses were members of the partnership, and the third was a retail jeweler in Washington,

D. C. The substance of the testimony of the two partners was that their valuation represented what in their judgment was market value; and the Washington jewelry dealer said that this was the method used generally in this business. How nearly their judgment approximated the fact of value or whether their judgment has been well founded, does not appear. Thus, the Board, instead of being able to use its own judgment upon evidence to determine whether the figures truly represent market value, is asked to place its stamp of approval upon the judgment of the petitioners themselves. How utterly vacuous such a proceeding would be must be apparent. It is equivalent to having the petitioner merely assert that his method is correct and having this serve as proof. Surely the judgment of the Board is expected to be more substantial than this.

Lest there be any doubt that we have adequately summarized the evidence, the following is quoted from petitioners' brief:

That the inventories in question had been taken for said years by Messrs. Stevens and True in the following manner: The various articles were divided into some 16 departments, each article or each group of the same articles was personally examined by Messrs. True and Stevens and in every instance the cost of each article was before them and the value of each article as set out in the inventory was calculated by taking the cost or the present market value whichever was lower, determined from the experience of Messrs. True and Stevens in the jewelry business and the factors known to them entering into its salable character at the time of the inventory. Such readily realizable value was referred to by them in their testimony as " market value."

In behalf of the American National Retail Jewelers Association a brief has been filed by *amici curiæ* urging that the Board refrain from any general approval of the cost method of taking inventories in the retail jewelry business. It need only be said that the evidence of true market value is in the present case so inadequate that it is unnecessary to consider whether in any case market value is susceptible of proof. Conceivably, market value can be established in this business as in many others; and if in a given case the evidence supports the value claimed, the question will arise as to whether such value may properly be used instead of cost. The door is still open for him who shows his right to enter. But such right is not proven by its mere assertion. In the present case we are asked to accept the judgment of the petitioners as our own, with nothing to show that such judgment is well founded, and under these circumstances the determination of the respondent must be sustained.

*Judgment will be entered on 20 days' notice, under Rule 50.*